# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3264 | **DATE** | 8/16/2011 |
| **CASE TITLE** | USA vs. Moises Tirado (#21785-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion pursuant to 28 U.S.C. Section 2255 [1] is dismissed as untimely. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Moises Tirado's (Tirado) *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Since Tirado is proceeding *pro se*, the court has liberally construed Tirado's *pro se* motion. Tirado argues that his trial counsel was ineffective, contending that his counsel did not tell him that he could face deportation as a result of pleading guilty in this case and that this counsel did not tell him that he could file an appeal in this case. Tirado was sentenced in January 2007 and did not bring the instant motion until May 2011, over four years later. Pursuant to 28 U.S.C. § 2255(f) (Section 2255(f)), there is a one-year limitations period for bringing a Section 2255 motion. *Id.* The instant motion was thus filed well beyond the one-year

| STATEMENT |
|---|

limitations period. Tirado cites *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), in which the Supreme Court held that a counsel is ineffective if he fails to inform a defendant that he faces the risk of deportation by entering a guilty plea. *Id.* at 1486. Section 2255(f), provides in part that the limitations period should begin to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C. § 2255(f). However, as the court in *Padilla* acknowledged, the principle enunciated in *Padilla* was based on established case law from the previous 15 years relating to the professional norms for attorneys. *Id.* at 1485 (stating that "[i]t seems unlikely that [the decision] will have a significant effect on those convictions already obtained as the result of plea bargains" since "[f]or at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea"). Thus, Tirado had sufficient guidance in caselaw in 2007 to enable him to bring the instant motion within the one-year limitations period, which began to run when his judgment of conviction became final. 28 U.S.C. § 2255(f); *see also, e.g., Mudahinyuka v. United States*, 2011 WL 528804, at *3-*4 (N.D. Ill. 2011); *Sandoval v. I.N.S.*, 240 F.3d 577, 578 (7th Cir. 2001). Tirado has not provided sufficient justification for such an untimely filing and therefore the Section 2255 motion is dismissed as untimely.

The court also notes that in regard to Tirado's right to file an appeal, regardless of whether his counsel informed him that he had a right to appeal, Tirado was personally informed at his change of plea hearing and at his sentencing hearing by the court that he had a right to file an appeal in this case. (10/19/06 Tr. 13-14). Finally, to the extent that Tirado intended in the instant motion to seek a modification of his sentence under 18 U.S.C. 3582(c), Tirado has not pointed to any basis for a modification of his sentence.